DANN *v* EMPLOYMENT SECURITY COMMISSION

1. UNEMPLOYMENT COMPENSATION—APPEAL AND ERROR.

> Reviewing courts are bound by the findings of the Employment Security Commission Appeal Board if the findings are supported by competent, material, substantial evidence on the whole record (Const 1963, art 6, § 27; MCLA 421.38).

2. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION—CONFLICTING EVIDENCE.

> A circuit court, when reviewing the finding of the Employment Security Commission Appeal Board that the claimants were laid off as a result of labor disputes with their employer, employed an erroneous test for review where it refused to disturb the administrative tribunal's findings because the record contained evidence, though conflicting, which supported the tribunal's determination.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur, Social Security and Unemployment Insurance and Retirement Fund §§ 46–50.

[3, 4] 48 Am Jur, Social Security and Unemployment Insurance and Retirement Fund § 36.

3. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION—LABOR DISPUTE—BURDEN OF PROOF—EVIDENCE.

> The employer has the burden of proving that claimants for unemployment compensation are disqualified for compensation because of their participation in a labor dispute; this burden requires competent, material, and substantial proof on the whole record.

4. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION—LABOR DISPUTE—BURDEN OF PROOF—EVIDENCE.

> Testimony of unemployment compensation claimants, who worked as laborers for defendant company at a high school job site and who were not members of the unions which had struck that job, that there was much grading and masonry work which they could have done despite the strike, entitled claimants to unemployment compensation when they were laid off because of the strike where the employer did not contradict their testimony, and, thus, did not meet its burden of proving claimants' disqualification for compensation.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 4, 1972, at Lansing. (Docket No. 11129.)   Decided February 24, 1972.

Robert D. Dann, Howard Brown, Lonnie Sutton, Chester Williams, and Eric Morgensen, employees of Sorensen-Gross Construction Company, presented their claims for unemployment compensation to the Michigan Employment Security Commission. Claims denied by referee; denial affirmed by appeal board. Plaintiffs appealed to circuit court. Affirmed. Plaintiffs appeal. Reversed and remanded with instructions.

*C. Robert Beltz,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for defendant commission.

Before: Lesinski, C. J., and McGregor and Quinn, JJ.

Quinn, J. Plaintiffs appeal from the judgment of the circuit court which affirmed the referee and appeal board of the Employment Security Commission in their determination that plaintiffs were disqualified for unemployment compensation benefits under MCLA 421.29(8); MSA 17.531(8).

The referee found that plaintiffs were employees of defendant company and worked as laborers at the Fenton high school job site. A labor dispute arose between the carpenter and operating engineer unions and defendant company which resulted in a strike by those unions. Plaintiffs were not members of those unions. The referee further found:

"The referee finds that the establishment involved here is the Sorensen-Gross company, that the labor disputes of the carpenters, operating engineers, and cement finishers was in active progress in that establishment on the dates the claimants were laid off, that those striking trades were a unit or group of workers in that establishment, and that claimants were laid off as a result of their labor disputes. Accordingly, the act requires claimants' disqualification for benefits even though he and his trade were not engaged in a labor dispute of their own."

(The record indicates that the referee made similar findings with respect to each claimant.) The appeal board of the Employment Security Commission affirmed these findings.

Reviewing courts are bound by findings of the administrative agency if the findings are supported by competent, material, and substantial evidence on the whole record, Const 1963, art 6, § 28. The same test is provided by statute in court review of pro-

ceedings before the appeal board of the Employment Security Commission, MCLA 421.38; MSA 17.540.

In its opinion affirming the referee and appeal board, the reviewing trial court stated the issue as: "Whether the findings of an administrative tribunal may be so disturbed by an appellate court where the record contains evidence, though conflicting, which supports a determination?"

In its opinion, the trial court found:

"A review of the record of this cause, and specifically the testimony of David B. Satchell submitted in the matter of Lonnie C. Sutton (made applicable to all cases) supports the findings of fact by the referee and the affirmation of those findings by the appeal board. For that reason, this court is powerless to second-guess those determinations."

The test employed by the trial court was erroneous.

Defendant company bore the burden of proving plaintiffs' disqualification, *Michigan Tool Company v Employment Security Commission*, 346 Mich 673 (1956). This required competent, material, and substantial proof on the whole record that plaintiffs were laid off due to a labor dispute. The testimony of the claimants established that there was much grading and masonry work which they could have done despite the strike by the carpenters and operating engineers. The defendant offered no evidence to contradict this testimony. On such a record, we cannot say that the defendant has met its burden of proof.

Reversed and remanded for entry of an order granting plaintiffs' unemployment compensation benefits for the period involved with costs to plaintiffs.

All concurred.